UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**AND TRAINING FUND, and**
**KENT MILLER (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**BUILDING TRADES UNITED PENSION**
**TRUST FUND and WILLIAM BONLENDER**
**(in his capacity as Trustee),**

                Plaintiff,

  v.                               Case No.  25-cv-597

**SOPINSKI TRENCHING & EXCAVATING, LLC,**

                Defendant.
_____

## COMPLAINT
_____

**NOW COMES** the plaintiff, by its attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant Sopinski Trenching & Excavating, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by the defendant's violation of certain collective bargaining

agreements, trust plans and trust agreements, and defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that some of the plaintiff funds are administer in Dane County, Wisconsin.

### Parties

3. Plaintiffs Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Funds. Said Funds maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff Kent Miller is a trustee and beneficiary of the Wisconsin Laborers Health Fund within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action. Mr. Miller maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET") is an employee benefit plan governed by a Board of Trustees consisting of union and management appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing

wage laws. Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

      6.      Plaintiff Building Trades United Pension Trust Fund ("Pension Fund") is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

      7.      Plaintiff William Bonlender is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Bonlender maintains an office at 17125 West Cleveland Ave., New Berlin, WI 53151.

      8.      Sopinski Trenching & Excavating, LLC ("Sopinski Tranching") is a domestic limited liability corporation, engaged in business, with principal offices located at 4404 Badger Road, Kewaskum, Wisconsin 53040. Its registered agent for service of process is Bob Sopinski, located at the same address.

## Facts

      9.      Sopinski Trenching is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

10. For all times relevant, Sopinski Trenching was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with Wisconsin Laborers District Council ("Union").

11. The Union represents, for purposes of collective bargaining, certain Sopinski Trenching employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

12. The Labor Agreements described herein contain provisions whereby Sopinski agreed to make timely payments to the plaintiff funds ("Funds") for each employee covered by said Labor Agreements.

13. By execution of said Labor Agreements, Sopinski Trenching adopted the trust agreements and amendments thereof, which establish and govern the plaintiff funds and are necessary for their administration and designated as their representatives on the Board of Trustees, such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of plaintiff funds, Sopinski Trenching has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the plaintiff funds for each employee covered by the aforementioned Labor Agreements;

    b.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.    to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiff funds pursuant to the trust agreements;

    d.    to adopt and abide by all of the actions of the trustees in administering the plaintiff funds in accordance with the trust agreements and the rules so adopted;

    e.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

    f.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

    g.    to provide access to all books and records necessary to perform regular audits of Sopinski Trenching's contributions to the plaintiff funds.

15.    Sopinski Trenching has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

    a.    making regular and timely payments to the plaintiff funds; and

  b. refusing to allow the Building Trades United Pension Trust Fund's auditor access to books and records necessary to perform an audit.

16. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

  (i) interest on the unpaid contributions, or

  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

17. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

18. Sopinski Trenching has failed to remit to the plaintiff funds all contributions required by its collective bargaining agreement with the Union.

19. Even when Sopinski Trenching has remitted contributions to the plaintiff funds, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policies on Employer Accounts that are binding upon Sopinski Trenching, it owes to the plaintiff funds interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

20. Despite demands that Sopinski Trenching perform its statutory and contractual obligations, the Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, and Laborers-Employers Cooperation and Education Trust Fund ("Laborers Funds) have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. Sopinski Trenching is now indebted to the Laborers Funds as follows:

<u>Audit Period May 1, 2020 through September 30, 2022:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | $21,674.70 |
| Wisconsin Laborers Apprenticeship and Training Fund | $788.75 |
| Laborers-Employers Cooperation and Education Trust Fund | $54.81 |

<u>Unaudited Period October 1, 2022 through the present:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Apprenticeship and Training Fund | Unknown |
| Laborers-Employers Cooperation and Education Trust Fund | Unknown |

21. Despite demand from the Building Trades United Pension Trust Fund's representatives, Sopinski Trenching has denied the Pension Fund's auditor access to books and records needed to compile an audit for the period January 1, 2022, to the present.

## Claim One Against Defendant Sopinski Trenching & Excavating, LLC for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

22.　　As and for Plaintiffs' first claim for relief against Sopinski Trenching, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23.　　For purposes of this claim (Claim One), the Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, and Building Trades United Pension Trust Fund are hereinafter referred to as the "Funds."

24.　　Due demand has been made by the Funds upon Defendant for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

25.　　Because, as the Funds are informed and believe, Sopinski Trenching has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all the remedies provided by ERISA.

26.　　Because Sopinski Trenching has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Funds and against Sopinski Trenching:

    A. For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund for the audit period January 1, 2020, through September 30, 2022;

    B. For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund for the period October 1, 2022, through the present;

    C. For unpaid contributions, interest, and liquidated damages owed to the Building Trades United Pension Trust Fund for the period January 1, 2022, through the present;

    D. For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    E. Actual attorney fees and the costs of this action.

3. An order directing Sopinski Trenching to submit to an audit of the company's books and records by the Building Trades United Pension Trust Fund's designed representative for the audit period January 1, 2022, through the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

### Claim Two Against Sopinski Trenching and Excavating, LLC for Violation of LMRA § 301 (29 U.S.C. § 185)

27. As and for a second claim for relief against Defendant, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above and incorporate the same as though fully set forth herein word for word.

28. Due demand has been made upon Defendant for payment of all contributions, interest, and liquidated damages owed to the Wisconsin Laborers-Employers Cooperation and Education Trust Fund, but Defendant has refused to pay them, and amounts remain due and owing.

29. Because, as the Wisconsin Laborers-Employers Cooperation and Education Trust Fund is informed and believes, Defendant has not paid timely and prompt contributions, the Wisconsin Laborers-Employers Cooperation and Education Trust Fund's income is reduced and benefits provided to participants are affected. Consequently, LMRA has been violated, and the Development Fund is entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Wisconsin Laborers-Employers Cooperation and Education Trust Fund demands the following relief:

1. Judgment on behalf of the Wisconsin Laborers-Employers Cooperation and Education Trust Fund and against Sopinski Trenching:

    A. For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Laborers-Employers Cooperation and Education Trust Fund for the audit period January 1, 2020, through September 30, 2022;

  B. For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Laborers-Employers Cooperation and Education Trust Fund for the period October 1, 2022, through the present;

  C. For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Laborers-Employers Cooperation and Education Trust Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

  D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 16th day of July, 2025.

/s/Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com
   cja@previant.com

Attorneys for the Plaintiffs