UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**AND TRAINING FUND, and**
**KENT MILLER (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**BUILDING TRADES UNITED PENSION TRUST FUND, and**
**WILLIAM BONLENDER (in his capacity as Trustee),**

                        Plaintiffs,

     v.                                                 Case No.  25-cv-597

**SOPINSKI TRENCHING & EXCAVATING, LLC,**

                        Defendant.

---

### JOINT RULE 26(f) REPORT

---

Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, Kent Miller, Wisconsin Laborers-Employers Cooperation And Education Trust Fund, Building Trades United Pension Trust Fund, and William Bonlender ("Plaintiffs") and Defendant Sopinski Trenching & Excavating, LLC ("Defendant") (Plaintiff and Defendants collectively referend to herein as the "Parties"), by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 26(a), hereby submit this Joint Rule 26(f) Report. Counsel for Plaintiff and Defendants participated in a conference and discussed the matters set forth in Rule 26(f).

    1.    The Court has set a Rule 16(b) telephonic scheduling conference for October 9, 2025, at 3:30 p.m.

1

2. <u>Attorneys Participating</u>: Attorney Alex J. Sterling will participate in the conference for Plaintiffs. Attorney Todd A. Miller will participate in the conference for Defendant.

3. <u>Subject Matter Jurisdiction and Venue</u>: The Parties agree that the Court has original jurisdiction over Plaintiffs' claims under ERISA and the Labor Management Relations Act, pursuant to 29 U.S.C. §§ 185(a) and 1132. The Parties agree that the proper venue for adjudication of this matter is in the Western District of Wisconsin.

4. <u>Nature of the Case</u>: Sopinski Trenching & Excavating, LLC is a party to a collective bargaining agreement with the Wisconsin Laborers District Council, which by its terms requires Sopinski Trenching & Excavating, LLC to make certain contributions to the Plaintiff funds. Plaintiffs claim Sopinski Trenching & Excavating, LLC has failed to make all required contributions, and that certain contributions have not been made timely. Plaintiffs seek recovery of over $22,000.00 of unpaid contributions, interest and liquidated damages as of September 30, 2022.

5. <u>Amendments to Pleadings and Additional Parties</u>: The Parties do not anticipate the need to amend pleadings at this time.

6. <u>Contemplated Motions:</u> The Parties anticipate filing motions for summary judgment.

7. <u>Preserving Discoverable Information</u>: The Parties have and will preserve discoverable information including all records containing the information as set forth in subsection b. of Paragraph 8 below.

8. <u>Discovery Plan:</u> The Parties have conferred in good faith and agreed to the following discovery plan:

a. <u>Rule 26(a)(1) Disclosures:</u> The Parties will exchange Rule 26(a)(1) disclosures by December 11, 2025.

b. <u>Possible Subjects of Discovery:</u> Subjects on which discovery may be needed, subject to objection, include but are not limited to the following:

   i. Records of Sopinski Trenching & Excavating, LLC's work on projects since May 1, 2020;

   ii. The extent of payments that Sopinski Trenching & Excavating, LLC has made to Plaintiffs; and

   iii. Any additional subjects that may arise during the course of this litigation.

c. <u>Conducting Discovery:</u>  The Parties do not believe discovery needs to be conducted in phases or limited.

d. <u>Discovery Disputes:</u> At this time, the Parties have not identified any disputes. The Parties agree that they will meet and confer on any discovery disputes prior to bringing the matter before the Court.

e. <u>Electronically Stored Information:</u> The Parties have conferred regarding the reasonable accessibility of and burden of discovery of electronically stored information and agree that ESI may be requested, subject to objection, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. If a requesting party requests ESI in any other format (i.e. .xlsx) and the producing Party cannot produce the ESI in that requested format, the Parties shall meet and confer on the form of the production prior to the deadline for production and in a manner not to delay the production. The

Parties will take all necessary steps to preserve ESI from alteration or destruction. The Parties do not anticipate any further issues regarding the discovery of ESI at this point in time. If any disputes arise with regard to ESI, the Parties will meet and confer prior to bringing any matter before the Court.

f. <u>Claims of Privilege/Protection of Trial-Preparation Materials</u>: The Parties agree to comply with Rule 26(b)(5) with respect to claiming privilege or protecting trial-preparation materials. The Parties agree that the Party asserting a claim of privilege or protection of trial-preparation materials must submit a privilege log to the opposing Party contemporaneously with discovery responses and production. The Parties do not anticipate the need for a separate Federal Rule of Evidence 502(d) order providing for certain protections where attorney/client privileged information is inadvertently produced in discovery at this time. The parties have reached an agreement for asserting post-production claims of privilege or of protection as trial-preparation material. The Parties agree to standard clawback provisions, under which a party that has inadvertently produced privileged or protected documents will notify the other party immediately upon discovery that such information was inadvertently produced. The opposing party, upon receiving such notice, agrees to immediately return such inadvertently produced documents or other information, and to destroy any copies in its possession. This agreement does not preclude the Parties from challenging the assertion of privilege or trial-preparation protection to any documents or

4

information inadvertently produced. The Parties do not anticipate any issues with the post-production claims of privilege or protection as trial-preparation material.

g. Confidentiality: If either Party believes that a discovery request calls for the production of confidential information, that Party will propose a protective order substantially in the format attached as an appendix to the Court's local rules in a manner that will not delay the production of discovery responses.

h. Service of Discovery Requests. The parties agree that service of discovery requests and discovery responses through electronic mail shall be deemed sufficient.

i. Expert Disclosures. At this time, Plaintiffs do not intend to retain any expert witnesses. The parties have therefore instead proposed deadlines for initial and responsive expert disclosures.

9. Proposed Scheduling Order: The Parties propose the following scheduling order:

| December 11, 2025 | Initial Disclosures |
| January 15, 2026 | Plaintiff's Expert Disclosures |
| February 16, 2026 | Defendants' Expert Disclosures |
| April 24, 2026 | Close of Discovery |
| May 29, 2026 | Dispositive Motions |

10. Length of Trial: The Parties estimate that the trial will take approximately two days. The parties agree that the Court should not set a trial date until after it decides any motions for summary judgment that the parties have filed.

11. Electronic Service: The Parties confirm that the documents filed through the Court's ECF system are served by ECF notification. The Parties also consent that service by electronic means shall be allowed as set forth in Rule 5(b)(2)(E) and that such service

5

shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

    12.    This case is not included in one of the categories exempted from initial disclosures and discovery conference.

Dated: __October 2, 2025_____

| /s/ Alex J. Sterling_____ | /s/ Todd A. Miller_____ |
|---|---|
| Alex J. Sterling (SBN 1107931) | Todd A. Miller (WIWDBN 6216561) |
| Christopher J. Ahrens (SBN 1043237) | Attorney for Defendant |
| Attorneys for Plaintiffs | Allocco, Miller & Cahill, P.C. |
| The Previant Law Firm, S.C. | 20 N. Wacker Drive, Suite 3517 |
| 310 W. Wisconsin Avenue, Suite 100 MW | Chicago, IL 60606 |
| Milwaukee, WI 53203 | Telephone:(312) 675-4325 |
| Telephone: (414) 271-4500 | Fax: (312) 675-4326 |
| Fax: (414) 271-6308 | Email: tam@alloccomiller.com |
| E-mail: ajs@previant.com | |
|        cja@previant.com | |